CUTHBERT CHARLTON DOUGLAS, ETC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1055.—*Sometido:* Noviembre 6, 1939. *Resuelto:* Noviembre 24, 1939.

*Fiddler, Córdova & McConnell,* y *Jorge M. Morales,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Por la Resolución Conjunta Núm. 28, de abril 26, 1927 (pág. 319), se autorizó al Comisionado del Interior para que vendiera a Francisco Pagán 390 metros cuadrados de terreno pertenecientes al Pueblo de Puerto Rico, situados en la ciudad de Mayagüez, por el precio de tasación que se hiciera

en el momento de la venta, por la Tesorería de Puerto Rico y por el Comisionado del Interior. En mayo, 1939, el Comisionado del Interior traspasó la propiedad a Cuthbert Charlton Douglas, como fiduciario de los herederos de Francisco Pagán, por la suma de $975 pagada en efectivo por Douglas. El registrador de la propiedad se negó a efectuar la inscripción: porque la escritura complementaria sobre constitución de fideicomiso no establecía mandato alguno por persona alguna (fideicomitente) a virtud del cual se le trasmitían bienes al supuesto fiduciario, para que dispusiera de ellos conforme lo ordenase el fideicomitente, según lo prescrito por el artículo 834 del Código Civil (edición de 1930); y porque la enajenación a un fiduciario privaba a los herederos de Pagán de su derecho a adquirir el título de la finca y a disponer de la misma en la forma que estimasen conveniente.

De conformidad con las disposiciones del artículo 834 supra:

"El fideicomiso es un mandato irrevocable a virtud del cual se trasmiten determinados bienes a una persona, llamada fiduciario, para que disponga de ellos conforme lo ordene la que los trasmite, llamada fideicomitente, a beneficio de este mismo o de un tercero llamado fideicomisario."

En la escritura de constitución de fideicomiso Douglas hizo constar que había recibido de The National City Bank of New York la suma de $975, y que en consideración a ella se constituía en fiduciario para beneficio de las personas que en la escritura se designaban como herederos de Francisco Pagán, con poder para invertir dicha suma en propiedad mueble o inmueble, vender la propiedad así adquirida en los precios y condiciones que estime convenientes, terminar el fideicomiso bien devolviendo la cantidad en fideicomiso a los beneficiarios o traspasando a éstos la propiedad en fideicomiso, o satisfaciendo deudas de los beneficiarios hasta el importe total del valor del fideicomiso o de la propiedad. El

fideicomiso terminaría cuando el fiduciario entregara a los beneficiarios la cantidad sobre la cual se constituía el fideicomiso o la propiedad o propiedades adquiridas con dicha cantidad en fideicomiso, o cuando se satisficiera cualquier obligación de los beneficiarios hasta la cantidad en fideicomiso.

La constitución de fideicomiso no caía dentro de la letra de la definición estatutaria. Empero esa definición no excluye necesariamente una declaración de fideicomiso cuando el fideicomitente y fideicomisario son una sola persona. Declaraciones de esa índole son muy frecuentes en otras jurisdicciones y consideradas generalmente como permisibles y propias.. 1 Bogert 4; 26 R.C.L. 1182, sec. 19; American Law Institute, 1 Restatement of the Law of Trusts 64, sec. 17; *Morsman* v. *Commission of Internal Revenue,* 90 F. (2d) 18.

No podemos creer que el artículo 834 del Código Civil, interpretado razonablemente a la luz de otras disposiciones en *pari materia,* exija que se establezca una regla distinta en esta isla.

El artículo 871 del Código Civil provee:

"Los bienes inmuebles transferidos por fideicomiso serán inscritos en el registro a nombre del fiduciario, como en el caso de cualquiera otra trasmisión de dominio; y se inscribirán como gravámenes sobre los bienes aquellas disposiciones del fideicomiso por las cuales se limite la facultad del fiduciario para enajenarlos o gravarlos.''

Dados los términos y condiciones contenidos en la escritura de constitución de fideicomiso y sin otros datos en que basar una opinión, no podemos convenir con el registrador en que una inscripción a nombre del fiduciario privaría a los herederos de Pagán de cualquier derecho que pudieran tener a adquirir un título absoluto del solar en cuestión y a disponer del mismo más tarde en la forma que estimasen conveniente.

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*